# CHARLES JÉRABEK, Respondent, v. CITY OF ST. JOSEPH, Appellant.

### Kansas. City Court of Appeals, December 4, 1911.

1. **JURY: Panel: Motion to Quash: Selection by Unauthorized Body.** The statute prescribing the mode of selecting jurors directed that in counties having a city of a population between 100,000 and 400,000 panels should be selected by jury commissioners composed of the circuit and criminal judges of the county. According to the federal census of 1900, Buchanan county had such a city. But by the census of 1910, announced before the jury in question was selected, that city was shown to have fallen below the minimum number required by the statute. It was *held* that the last census placed the city outside the terms of the law and that a jury selected as directed by that law was not qualified, and a motion to quash the panel, filed before trial. should have been sustained.

2. ——: ——: ——: **Directory: Essentials: Mandatory.** While ordinarily much of the detail of selecting jurors will be regarded as directory, yet this is not so as to essential requirements of the law. In the latter respects the law must be obeyed.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

REVERSED AND REMANDED.

*W. B. Norris, O. E. Shultz* and *Phil A. Slattery* for appellant.

The court committed error in overruling the motion to quash the panel of jurors. State ex rel. Major, Atty. Gen., v. Ryan, 232 Mo. 77; State ex inf. Crow, Atty. Gen., v. Evans, 166 Mo. 347; State v. May, 168 Mo. 122.

*Mytton & Parkinson* for respondent.

There was no error in overruling the motion to quash the panel of jurors because it was drawn in the manner authorized by sections 7318 to 7333, inclusive, of Revised Statutes of Missouri. If those sections were inoperative then any other law affecting the manner of drawing a jury was merely directory, and as there was no objection as to the qualifications of any juror or the failure to comply with any law or regulation in the manner in which he was chosen, there is nothing to complain of. State v. Pitts, 58 Mo. 556; State v. Knight, 61 Mo. 374; State v. Jones, 61 Mo. 232; State v. Cavanaugh, 76 Mo. 55; State v. Jackson, 167 Mo. 291; State ex rel. Major v. Ryan, 232 Mo. 77.

ELLISON, J.—Plaintiff is a minor, who was injured on one of defendant's sidewalks. Charging his injury to the negligence of defendant in its care of the walk, he brought this action to recover damages and obtained judgment in the circuit court.

Before the trial, defendant moved to quash the panel of jurors for illegality in the mode of securing, selecting and summoning. The trial court overruled the motion.

The panel was selected and obtained in accordance with article 4, chapter 64, Revised Statutes 1909, which provides that in all counties of this state having cities of more than 100,000 population and less than 400,000, petit jurors shall be selected by a board of jury commissioners composed of the judges of the circuit and criminal court of such counties. The mode of selection is pointed out in detail by the statute, consisting in part of putting names in a wheel and drawing names therefrom. By the federal census of 1900 the defendant city had the proper population for the application of that statute, and the judges, as jury commissioners, as required by that act, selected the panel for

the October, 1910, term of the court, the term at which this case was tried.

But before this transpired, the federal census of 1910 was officially announced, whereby it appears that the city had fallen from the former enumeration and was below the minimum population required by the statute aforesaid. To determine and settle the disturbed condition into which this placed legal procedure in Buchanan County, a writ of *quo warranto* was brought to oust the judges aforesaid from their office of jury commissioners. In that proceeding the Supreme Court determined that the loss of population left Buchanan County outside the statute and the law no longer applied to that county and ousted the commissioners. [State ex rel. v. Ryan, 232 Mo. 77.]

But in avoidance of this plaintiff says that left the old jury law applicable, and though there was a failure to comply with that law in selecting the panel, yet such law was merely directory and no harm was done. We cannot countenance such view. It is doubtless true that many provisions of a law under which a panel of jurors is selected, are regarded as directory and are not considered a cause for disturbing a verdict, yet it ought not to be supposed that the mode prescribed by law can be disregarded in its essential particulars. [State v. Austin, 183 Mo. 478.] In this case, instead of selecting jurors as required by article 3, chapter 64, Revised Statutes 1909, providing that in counties having cities of more than 50,000 and less than 300,000 population, jurors shall be selected under the supervision of the county court and their names placed in a wheel whence they shall be drawn, when needed, by the clerk of the county court in the presence of the judge of the court requiring a jury, the law was set aside in toto and the jury selected by unauthorized persons. This cannot be allowed. [State v. Austin, supra; State v. Newhouse, 29 La. Ann. 824;

State v. Jenkins, 32 Kan. 477; 1 Thompson on Trials, sec. 33.]

We think the demurrer to the evidence was properly overruled.

It is well to add here, that this case was tried in the circuit court before the decision in State ex rel. v. Ryan, supra, was announced.

The judgment will be reversed and the cause remanded. All concur.